IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODNEY WALLER,               )
                             )
            Plaintiff,       )
                             )
      v.                     )      No.  10 C 5248
                             )
AKAL SECURITY, et al.,       )
                             )
            Defendants.      )

MEMORANDUM ORDER

This action has been reassigned to this Court's calendar by
random assignment as a result of the exercise, by its colleague
Honorable Harry Leinenweber, of his prerogative under 28 U.S.C.
§294(b).  That calls for a sua sponte threshold look at the
existence or nonexistence of federal subject matter jurisdiction
(see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir.
2005)).

In this instance there is no possibility of diversity
jurisdiction, for nothing in the Complaint suggests anything
other than Illinois citizenship for plaintiff Rodney Waller
("Waller") and defendants Timothy Bowen ("Bowen") and Akal
Security ("Akal").  And that being so, of course, none of the
counts that sound in state law theories of recovery (Counts II,
III, V and VI) can be advanced in this District Court except by
piggybacking onto a federal-question claim under the supplemental
jurisdictional auspices of 28 U.S.C. §1367(a).

To turn, then, to the subject of federal-question

jurisdiction, Complaint ¶4 asserts that suit has been "brought pursuant to 42 U.S.C. §1983" ("Section 1983"). But the obvious problem with that position is that Bowen is identified as a security officer employed by Akal (Complaint ¶2), while Akal is identified as "a private corporation doing business as a security company in the state of Illinois"--and Section 1983 confers jurisdiction only as to federal constitutional deprivations by <u>state</u> actors (the statutory language speaks of acting "under color of any statute, ordinance, regulation, custom, or usage, of any State").[1]

It is true that Bowen is asserted to have struck Waller (Complaint ¶9), after which "officers from the Bureau of Immigration Customs and Enforcement and the Hillside Police Department were called" (Complaint ¶14), and Bowen then assertedly lied to the police officers so that Waller was arrested and charged with assault (Complaint ¶15). But neither those facts nor the assertion that Bowen testified falsely during Waller's criminal trial (Complaint ¶18) renders either Bowen or Akal a state actor so as to bring Section 1983 into play.[2]

---

[1]  Section 1983 also follows "any State" with "Territory or the District of Columbia," but obviously neither of those is implicated here.

[2]  Akal's Answer ¶4 purports to admit "that jurisdiction is proper under 28 U.S.C. §1343(a)," but jurisdiction cannot of course be conferred by consent when it is absent as a matter of law.

Accordingly this action is dismissed for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 13, 2010